## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ISMETA KADRIBASIC, | |
|     Plaintiff, | Civil Action No.: |
| v. | |
| WALMART STORES, INC. D/B/A SAM'S CLUB. | |
|     Defendant. | |

## PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Ismeta Kadribasic (hereinafter "Plaintiff Kadribasic"), and files this, her Complaint for Damages against Defendant Walmart Stores, Inc. which does business as Sam's Club (hereinafter "Defendant Sam's Club"), showing the Court the following:

## INTRODUCTION

### 1.

Plaintiff Kadribasic was a long-term, high performing general manager who had been promoted to be in charge of the high volume Sam's Club store in Duluth, Georgia. She had been employed by Defendant Sam's Club for 15 years. She had good personnel evaluations. On October 18, 2018, Plaintiff Kadribasic sustained a disabling work-related injury to her back. After missing a short time from work for medical appointments, Plaintiff Kadribasic was assigned medical restrictions but

continued to work and perform her essential job functions. On November 8, 2018, as the pain and problem from her injury worsened, Plaintiff Kadribasic called an agent of Defendant Sam's Club (its workers' compensation adjuster) to request "a couple of weeks of leave" to heal and/or that her supervisor allow her to work within her work restrictions. The next morning, the workers' comp. adjuster emailed Plaintiff's supervisor expressing concern that her workers' comp. "claim can get out of control quickly." That same day, Plaintiff Kadribasic also requested a week of leave from her supervisor. On the next day, November 9, Plaintiff's supervisor terminated Plaintiff Kadribasic for reasons that are demonstrably false and contradicted by a key third-party witness. Defendant Sam's Club also interfered with Plaintiff Kadribasic's FMLA rights because she had not exhausted her FMLA leave at the time of her termination. This action is brought pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. § 12101, *et seq.* and the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et seq.*

## **THE PARTIES**

### 2.

Plaintiff Kadribasic is a former employee of Defendant Sam's Club that always received positive evaluations during her employment. She is a citizen of the State of Georgia who resides at 588 Summergreen Court, Suwanee, Georgia 30024.

3.

Defendant Sam's Club is a chain of membership-only retail warehouse clubs. Defendant Sam's Club employs thousands of people and is covered by the ADA and FMLA. Defendant Sam's Club may be served via its registered agent, the Corporation Company, 112 North Main Street, Cumming, GA 30040.

## JURISDICTION AND VENUE

4.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution and 28 U.S.C. § 1331 because this case arises under the ADA and FMLA.

5.

Venue is proper in this court under 28 U.S.C. § 1391 because Defendant Sam's Club is located in this judicial district and the events giving rise to the claims herein arose in this judicial district.

6.

This Court has personal jurisdiction over Defendant Sam's Club because it has offices and other locations in this district and transacts significant business in this District.

7.

All conditions precedent to the institution of this suit have been fulfilled. On November 15, 2018, Plaintiff Kadribasic timely filed charges with the Equal Employment Opportunity Commission, Charge No. 410-2019-01030. The Notice of Right to Sue was mailed on June 27, 2019. This action has been filed within ninety days of receipt of said Notice.

## FACTUAL ALLEGATIONS

### A. Defendant Sam's Club's Retaliation, Refusal to Accommodate, and Discrimination Against Plaintiff Kadribasic

8.

Plaintiff Kadribasic was a long-term employee, who was put in charge of an entire Sam's Club store in Duluth. She had been employed by Defendant Sam's Club for 15 years.

9.

Plaintiff Kadribasic was originally hired by Defendant Sam's Club in September 20, 2003 to be a part-time cashier. Defendant Sam's Club repeatedly promoted her during her employment: promoted to a full-time associate, again promoted to full-time team leader, and again promoted to full-time manager. Plaintiff had good personnel evaluations.

4

10.

Plaintiff Kadribasic became the Club Manager of the Snellville Club in 2013.  Plaintiff Kadribasic's duties as a club manager included managing a multi-million-dollar facility and 180 associates.

11.

In March of 2017, Plaintiff Kadribasic was promoted to Manager of the Duluth Club. Plaintiff Kadribasic, along with several others, applied for the Duluth Club Manager position. Defendant Sam's Club interviewed Plaintiff Kadribasic and selected her for the position.

12.

In mid-July 2018, Plaintiff Kadribasic went out of work due to her advanced pregnancy.

13.

On July 30, 2018, Plaintiff Kadribasic had a baby girl.

14.

On or around October 8, 2018, Plaintiff Kadribasic returned early from maternity leave and resumed working for Defendant Sam's Club.

15.

In Plaintiff's absence during maternity leave, her non-injured replacement managers had allowed the store's condition to deteriorate, but were not disciplined by Defendant.  Upon her return, Plaintiff worked hard to improve the condition of the store.

16.

On Thursday, October 18, 2018, Plaintiff Kadribasic was helping put seasonal items on the sales floor when she bent down to line up a pallet, felt a sharp pain in her back and leg, had tears in her eyes, and could not stand up.

17.

A co-worker, Hajra Kadric, helped Plaintiff Kadribasic get up. Following her injury, Plaintiff Kadribasic went to the Sam's Club business office and took some Ibuprofen to relieve her pain.

18.

That same day (October 18, 2018), Plaintiff Kadribasic reported her injury to a salaried member of Sam's Club's management. Plaintiff Kadribasic completed an associate incident report and requested that another member of management complete a manager's incident report.

19.

Specifically, on the day she was injured, Plaintiff Kadribasic asked co-worker and member of management Hajra Kadric to prepare an incident report within the next 24 hours. Hajra Kadric prepared a hard copy of the report in her handwriting but forgot to key this prepared report into the electronic system until October 21, 2018.

20.

Plaintiff Kadribasic continued working and came in on Friday October 19, 2018 and Saturday October 20, 2018, but was not able to bend down or move fast without major discomfort, and her pain got progressively worse.

21.

When Hajra Kadric keyed the report of Plaintiff Kadribasic's injury into Sam's Club's electronic system on October 21, 2018, she emailed the electronic injury report to three members of upper management and explained that she had forgotten to timely key the report into the system. No one from Sam's Club indicated that this was a problem.

22.

Also, on October 21, 2018, Plaintiff Kadribasic had the day off from work. She went to the emergency room that day because of her extreme pain and inability to get out of bed. The emergency room doctor took her out of work for two days.

Plaintiff Kadribasic sent an email updating supervisor Angela Taylor and Darryl Stinson.

23.

Plaintiff Kadribasic worked from on or around October 24, 2018 to November 7, 2018 and satisfactorily performed all of her essential job functions.

24.

Early on the morning of November 8, 2018, supervisor Ms. Taylor, Plaintiff Kadribasic, and co-worker Hajra Kadric walked the floor of the entire store. They were preparing for an upcoming One-Day Sales event.

25.

During the November 8, 2018 walk-through, Plaintiff Kadribasic asked Ms. Taylor if she could take a break because her back was hurting. Ms. Taylor ignored the request and said, "we're almost done here." Plaintiff Kadribasic, Hajra Kadric and Ms. Taylor continued to walk the store.

26.

While they walked the floor and afterwards, and in Ms. Kadric's presence, Ms. Taylor gave a very positive report saying that the store looked "clean", looked "much better" and she "sees progress" and appreciated Plaintiff Kadribasic's hard work since her return from maternity leave.

27.

After walking the entire store floor, the three continued their preparation efforts for the One-Day Sales event by checking Plaintiff Kadribasic's notebook for the One-Day Sales event. Supervisor Ms. Taylor asked to see the binder containing the written event plan for the upcoming One-Day Sales event. In Ms. Kadric's presence, Ms. Taylor reviewed the entire binder and said, "this looks great." Ms. Taylor approved the plans Plaintiff Kadribasic created for the One-Day Sales event.

27.

Later in the day on Thursday, November 8, 2018, Plaintiff went to the emergency room for severe back pain, and the doctor placed her out of work for three (3) days.  Plaintiff Kadribasic related this information to her supervisor Ms. Taylor and workers' compensation adjuster Mr. Cahill. Mr. Cahill was an agent of Defendant Sam's Club.

28.

Later on the day of November 8, 2018, Plaintiff Kadribasic spoke with her workers' compensation insurance adjuster about her need for a couple of weeks of leave because her back was not getting better. During this call, Plaintiff Kadribasic informed her adjuster about issues she was having with her work restrictions not

being respected by Defendant Sam's Club. The adjuster informed Plaintiff Kadribasic that that he would talk with management at Sam's Club.

29.

On November 9, 2018, the insurance adjuster and agent Chris Cahill attempted to email supervisor Angela Taylor but inadvertently emailed Plaintiff Kadribasic saying, "Could you please call my cell phone number at your earliest convenience…**I feel this claim can get out of control quickly**."

30.

On November 9, 2018, Plaintiff Kadribasic went to the emergency room again and was taken out of work until November 14, 2018.

31.

On November 9, 2018, Plaintiff Kadribasic asked Angela Taylor for one week off for her back injury.

32.

Later in the evening on November 9, 2018, Defendant Sam's Club terminated Plaintiff Kadribasic's employment.

33.

Sam's Club held a One-Day Sales event on November 10, 2018, and the sale was a success.

**B. Sam's Club's Pretextual Reason for Ms. Kadribasic's Termination**

34.

Defendant Sam's Club falsely claimed to have terminated Plaintiff Kadribasic because she received four coachings.

35.

Unless conduct is classified as gross misconduct, which results in an immediate termination, Sam's Club has a coaching policy where they formally coach employees four times before termination. The fourth coaching can include termination. Each formal coaching must be documented and there must be a witness anytime a coaching is executed.

36.

The falsity of the basis for Defendant Sam's Club's coachings and the timing demonstrates the pretextual nature of its termination justification.

37.

First coaching: in May or June 2018, Plaintiff Kadribasic received her first written coaching for failure to execute company direction.

38.

Second coaching: on November 8, 2018,  Darryl Stinson and Angela Taylor gave Plaintiff Kadribasic a coaching for an action that occurred months prior on June 26, 2018.

39.

Third and Fourth Coaching: on November 9, 2018, during her termination meeting, Angela Taylor gave Plaintiff Kadribasic a coaching for (a) not keying her October 18, 2018 injury into the system, despite the fact that Plaintiff had in fact instructed a member of management to key the report into the system and this had not been a problem previously, and (b) having inadequate plans in the notebook for the One-Day Sales event, despite Angela Taylor expressly approving the state of the sales floor and the written plans in front of co-worker Hajra Kadric.

## C. Ms. Kadribasic's Disability and Entitlement to FMLA

40.

Plaintiff Kadribasic provided her employer with immediate notice of her serious medical condition.

41.

As a result of serious injuries resulting from her October 18, 2018 injury, Plaintiff Kadribasic had a disability that substantially limited her in at least the major life activities of lifting, performing manual tasks, working and sleeping.

42.

As a result of this disability, Plaintiff Kadribasic had x-rays, multiple MRIs, multiple facet injections in both her lower back and neck, and physical therapy.

43.

As a result of this disability, Plaintiff Kadribasic had work restrictions of no prolonged standing and limited lifting. Plaintiff Kadribasic's restrictions prohibited her from walking for more than 15 minutes, sitting for more than 15 minutes, and lifting more than 20 pounds.

44.

At the time of her termination, Plaintiff Kadribasic had FMLA leave available.

## COUNT ONE: ADA RETALIATION

45.

Plaintiff Kadribasic incorporates herein by reference the allegations set forth in the preceding paragraphs of her Complaint as if fully set forth herein.

46.

At all times relevant hereto, Plaintiff Kadribasic had a disability or was regarded as disabled by Defendant Sam's Club. 29 C.F.R. 1630.2(g).

47.

At all times relevant hereto, Plaintiff Kadribasic had or was regarded as having a condition that limits major life activities, including, but not limited to, sleeping, performing manual tasks, working, and lifting, pursuant to 42 U.S.C. 12102(2)(A) and 29 CFR 1630.2(i)(1)(i), and which limits the operating of major bodily functions, such as the neurological and musculoskeletal functions.

48.

Plaintiff Kadribasic was at all relevant times qualified for her position and able to perform all of the essential functions of this position with or without a reasonable accommodation(s).

49.

Plaintiff Kadribasic engaged in protected activity on November 8, 2018 when she requested the reasonable accommodations of leave and that Defendant Sam's Club allow her to work within her restrictions.

50.

Defendant Sam's Club then took an adverse employment action against Plaintiff Kadribasic by terminating her the very next day on November 9, 2018.

51.

Defendant Sam's Club took the adverse employment action because of Plaintiff Kadribasic's protected activity.

52.

Plaintiff Kadribasic suffered damages because of the adverse employment action. As a direct result of Defendant Sam's Club's retaliation, Plaintiff Kadribasic has suffered and continues to suffer damages from those wrongful acts and is entitled to the relief sought in the prayer for relief.

## COUNT TWO: ADA DISCRIMINATORY DISCHARGE

53.

Plaintiff Kadribasic incorporates herein by reference the allegations set forth in the preceding paragraphs of her Complaint as if fully set forth herein.

54.

At all times relevant hereto, Plaintiff Kadribasic had a disability or was regarded as disabled by Defendant Sam's Club. 29 C.F.R. 1630.2(g).

55.

At all times relevant herein, Plaintiff Kadribasic had or was regarded as having a condition that limits major life activities, including, but not limited to, sleeping, performing manual tasks, working, and lifting, pursuant to 42 U.S.C. 12102(2)(A) and 29 CFR 1630.2(i)(1)(i), and which limits the operating of major bodily functions, such as the neurological and musculoskeletal functions.

56.

Plaintiff Kadribasic was at all relevant times qualified for her position and able to perform all of the essential functions of this position with or without a reasonable accommodation.

57.

Defendant Sam's Club terminated Plaintiff Kadribasic because of her disability and/or because it regarded her as disabled.

58.

As a direct result of Defendant Sam's Club's termination of Plaintiff Kadribasic, Plaintiff Kadribasic has suffered and continues to suffer damages from that wrongful act and is entitled to the relief sought in the prayer for relief.

## COUNT THREE: FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA

59.

Plaintiff Kadribasic incorporates herein by reference the allegations set forth in the preceding paragraphs of her Complaint as if fully set forth herein.

60.

At all times relevant herein, Plaintiff Kadribasic had a disability or was regarded as disabled by Defendant Sam's Club. 29 C.F.R. 1630.2(g).

61.

At all times relevant herein, Plaintiff Kadribasic had or was regarded as having a condition that limits major life activities, including, but not limited to, sleeping, performing manual tasks, working, and lifting, pursuant to 42 U.S.C. 12102(2)(A) and 29 CFR 1630.2(i)(1)(i), and which limits the operating of major bodily functions, such as the neurological and musculoskeletal functions.

62.

Plaintiff Kadribasic was at all relevant times qualified for her position and able to perform all of the essential functions of this position with or without a reasonable accommodation.

63.

Despite Plaintiff Kadribasic's requests for reasonable accommodations of working within her work restrictions and taking breaks, Defendant Sam's Club discriminated against the qualified Plaintiff Kadribasic by failing to provide reasonable accommodations during her employment from October 21, 2018 through November 9, 2018.

64.

Defendant Sam's Club failed to provide Plaintiff Kadribasic with the reasonable accommodation of 3-14 days leave time on November 9, 2016 and further violated the ADA by terminating her because of her disability after failing

to provide this leave. Had Defendant Sam's Club given Plaintiff Kadribasic the requested accommodation of additional leave, this leave would have allowed Plaintiff Kadribasic to return and perform the essential functions of her job (to the extent she was not able to perform this at the time of her termination).

65.

Defendant Sam's Club failed to engage in an interactive process regarding said accommodation, and said accommodation did not impose an undue hardship on Defendant Sam's Club's multi hundred million-dollar business. 42 U.S.C. § 12112(b)(5)(A).

66.

As a direct result of Defendant Sam's Club's refusal to provide Plaintiff Kadribasic with reasonable accommodations, Plaintiff Kadribasic has suffered and continues to suffer damages from that wrongful act and is entitled to the relief sought in the prayer for relief.

## <u>COUNT FOUR– INTERFERENCE WITH FMLA RIGHTS</u>

67.

Plaintiff Kadribasic incorporates herein by reference the allegations set forth in the preceding paragraphs of her Complaint as if fully set forth herein.

68.

At all times material hereto, Defendant Sam's Club has been an "employer" within the meaning of the FMLA, 29 U.S.C. §2611(4).

69.

At all times material hereto, Plaintiff Kadribasic was an "eligible employee" of Defendant Sam's Club within the meaning of the FMLA, 29 U.S.C. §2611(2).

70.

Plaintiff Kadribasic was entitled to FMLA leave "[b]ecause of a serious health condition."

71.

Plaintiff Kadribasic's serious health condition met the criteria of 29 CFR 825.115.

72.

Defendant Sam's Club interfered with Plaintiff Kadribasic's FMLA leave at least by refusing to provide Plaintiff Kadribasic with her entitled twelve weeks of FMLA leave and by terminating Plaintiff Kadribasic in violation of the FMLA.

73.

Plaintiff Kadribasic was denied benefits to which she was entitled under the FMLA, namely both taking leave and being reinstated following a leave period.

74.

Plaintiff Kadribasic has been prejudiced by the FMLA violation. Plaintiff Kadribasic suffered a harm remediable by either damages or equitable relief. Specifically, Plaintiff Kadribasic was damaged through loss of wages, salary, employment benefits, or other compensation denied to Plaintiff Kadribasic by reason of the violation.

75.

Plaintiff Kadribasic has suffered and continues to suffer damages as a direct and proximate result of Defendant Sam's Club's interference with her exercise of rights under the FMLA.

76.

Plaintiff Kadribasic is entitled to recover from Defendant Sam's Club for at least the wages and employment benefits she has lost as a result of Defendant Sam's Club's unlawful conduct in violation of the FMLA, and interest thereon, calculated at the prevailing rate.

77.

Plaintiff Kadribasic is entitled to recover liquidated damages from Defendant Sam's Club in addition to the compensation alleged above in accordance with 29 U.S.C. § 2617(1).

78.

Plaintiff Kadribasic is entitled to reinstatement at her former job position or front pay.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Kadribasic respectfully prays this Court grant the following relief:

a.      That Plaintiff Kadribasic have and recover from Defendant Sam's Club lost back pay and benefits, with prejudgment interest thereon;

b.      That the Court order Defendant Sam's Club to rehire Plaintiff Kadribasic to her prior position, with salary and fringe benefits that she would have received in that position since the date of her termination, as applicable; or, in the alternative, award front pay and benefits in an amount sufficient to compensate her for the loss of future salary and fringe benefits;

c.      That Plaintiff Kadribasic have and recover compensatory damages in an amount to be determined by a jury;

d.      That Plaintiff Kadribasic have and recover punitive damages in an amount to be determined by a jury;

e.      That Plaintiff Kadribasic recover liquidated damages from Defendant Sam's Club in accordance with 29 U.S.C. § 2617(1).

f.     That Plaintiff Kadribasic recover her attorneys' fees and costs of litigation pursuant to all applicable federal laws; and

g.     Any and other such further relief this Court or the Finder of Fact deems equitable and just.

**Plaintiff Kadribasic demands a trial by jury.**

This 2nd day of August, 2019.

Respectfully submitted,

HILL, KERTSCHER & WHARTON, LLP

By:    /s/ Douglas R. Kertscher
       Douglas R. Kertscher
       Georgia State Bar No. 416265
       Julie Burke
       Georgia State Bar No. 448095
       *Attorneys for Plaintiff*

3350 Riverwood Parkway
Suite 800
Atlanta, Georgia 30339
Telephone:  770-953-0995
Facsimile:  770-953-1358
E-mail:      drk@hkw-law.com

22