IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ISMETA KADRIBASIC,<br><br>   Plaintiff,<br><br>v.<br><br>WAL-MART INC.,<br><br>   Defendant. | Civil Action No.: 1:19-cv-03498-SDG-CCB |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Ismeta Kadribasic moves under Rule 56(c) of the Federal Rules of Civil Procedure for summary judgment on Counts I, II, III and IV of her Complaint. (Doc. 1).

Specifically, Ms. Kadribasic moves the Court to enter judgment for Ms. Kadribasic on Count IV finding that Defendant Walmart Inc. ("Walmart") was aware that Plaintiff's need for leave was due to a potentially FMLA-qualifying reason but failed to ascertain whether the Plaintiff's requested leave actually qualified for FMLA protection. As a result Walmart interfered with Plaintiff's FMLA rights by failing to follow the notice requirements set forth in 29 C.F.R. § 825.300. Walmart additionally interfered with Plaintiff's FMLA rights by terminating her when she had a serious health condition, after receiving the requisite

notice, and when she had eight weeks of her leave remaining. Walmart further interfered with Plaintiff's FMLA rights by failing to restore Plaintiff to the same or comparable position at the end of her leave.

Additionally, Ms. Kadribasic moves the Court to enter judgment on her behalf finding that Walmart violated the ADA by denying her the reasonable accommodation of a couple of weeks leave. Under the ADA, an employer may not discriminate against "a qualified individual with a disability because of the disability of such individual in regard to ... discharge of employees." 42 U.S.C. § 12112(a). "[T]he term 'discriminate' includes ... not making reasonable accommodations to the known physical ... limitations of an otherwise qualified individual with a disability who is an ... employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business ...." 42 U.S.C. § 12112(b)(5)(A). "Thus, an employer's failure to reasonably accommodate a disabled individual *itself* constitutes discrimination under the ADA…" *Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1262 (11th Cir. 2007). Here, Walmart discriminated against Plaintiff because of her disability by denying her a reasonable accommodation of a few weeks of leave.

Finally, Ms. Kadribasic moves the Court to enter judgment on her behalf with respect to Counts I and II finding that Walmart's stated reasons for terminating Plaintiff's employment are pretextual as a matter of law. Walmart violated the ADA by terminating Plaintiff's employment because of her disability and in retaliation of her request for leave as an accommodation to said disability. Walmart's stated reason for termination is so implausible, inconsistent, and weak that no reasonable jury would find it worthy of credence. Intentional discrimination can be inferred from pretext because "once the employer's justification has been eliminated, discrimination may well be the most likely alternative explanation, especially since the employer is in the best position to put forth the actual reason for its decision…" *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 147 (2000).

Plaintiff has additionally alleged an FMLA retaliation claim but does not move for summary judgment on that claim.

Respectfully submitted this 21st day of July 2020.

                                      Respectfully submitted,

                                      <u>/s/ Douglas R. Kertscher</u>
                                      Douglas R. Kertscher
                                      Georgia State Bar No. 416265
                                      Email: drk@hkw-law.com
                                      Julie H. Burke

                      Georgia Bar No. 448095
                      Email: jb@hkw-law.com
                      *Attorneys for Plaintiff*

HILL, KERTSCHER & WHARTON, LLP
3350 Riverwood Parkway, Suite 800
Atlanta, Georgia 30339
Telephone:   (770) 953-0995
Facsimile:    (770) 953-1358

## **CERTIFICATE OF COMPLIANCE**

Undersigned counsel certifies the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in local rule 5.1(C) and 7.1(D).

This 21st day of July 2020.

By: /s/ Douglas R. Kertscher
Douglas R. Kertscher
Georgia State Bar No. 416265
Email: drk@hkw-law.com
*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ISMETA KADRIBASIC,<br><br>    Plaintiff,<br><br>v.<br><br>WAL-MART INC.,<br><br>    Defendant. | Civil Action No.: 1:19-cv-03498-SDG-CCB |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 21st day of July, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record.

This 21st day of July 2020.

                                          By:   /s/ Douglas R. Kertscher
                                                          Douglas R. Kertscher
                                                          Georgia State Bar No. 416265
                                                          Email: drk@hkw-law.com
                                                          *Attorney for Plaintiff*