IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ISMETA KADRIBASIC,<br><br>         Plaintiff,<br>vs.<br><br>WAL-MART, INC.,<br><br>         Defendant. | Case No. 1:19-CV-03498-SDG |

**DEFENDANT WALMART'S**
**MOTION FOR ATTORNEYS' FEES AND EXPENSES**

Pursuant to 42 U.S. Code § 12205 and LR 54.2 of the Civil Local Rules for the Northern District of Georgia, Defendant Walmart ("Defendant") submits this Motion for Attorneys' Fees and Expenses (Defendant's "Motion") and respectfully requests that the Court award it its reasonable attorneys' fees and expenses incurred in defending against Plaintiff's failure-to-accommodate claim under the ADA (Count Three of Plaintiff's Complaint). In support of this Motion, Defendant relies on its Memorandum of Law filed contemporaneously herewith.

Plaintiff's Count Three – her failure-to-accommodate claim – was frivolous, unreasonable, and without foundation. Plaintiff claimed that Defendant failed to

accommodate her disability by providing her leave from work. However, Plaintiff admitted at deposition and trial that she never requested leave prior to the decision to terminate her employment, and that she was never denied leave. Further, all leave requests must be made through Defendant's third-party leave administrator, Sedgwick. Plaintiff, who had properly requested leave through Sedgwick on other previous unrelated occasions, admitted she did not request leave for her alleged disability. Accordingly, there was never any basis in law or fact for Plaintiff's claim.

Despite its lack of merit, Plaintiff prosecuted her failure-to-accommodate claim throughout and up to the end of her case in chief at trial, at which time Defendant moved for its dismissal as a matter of law under Rule 50 of the Federal Rules of Civil Procedure. After argument on the motion, the Court stated its inclination to rule in Defendant's favor. Plaintiff objected to Defendant's Rule 50 Motion and thus caused Defendant to spend the weekend of Saturday, October 23 and Sunday, October 24 – in the middle trial and Defendant's own preparation for its case in chief – briefing its Rule 50 Motion rather than preparing for defendant's case in chief. Then, just three hours after Defendant submitted its brief, and just before the Court was to finally adjudicate Plaintiff's claim, Plaintiff, who did not even bother to submit a brief of her own, *withdrew* her claim. Plaintiff did so to avoid this Court's inevitable termination of her claim on the merits.

Until the last possible moment, Defendant was forced to expend considerable resources in connection with the defense of Plaintiff's Count Three, even though it was clear it could not succeed. Under the ADA, Defendant is entitled to an award of those fees and expenses. Defendant estimates that such fees and expenses are no less than are approximately $175,443.25. Pursuant to LR 54.2, however, Defendant will, within thirty (30) days hereof, submit a detailed itemization, including the exact amount it seeks, along with affidavits and other supporting documentation.

WHEREFORE, Defendant Walmart respectfully requests that the Court grant its Motion for Attorneys' Fees and Expenses and award Defendant its reasonable attorneys' fees and expenses incurred in defending against Plaintiff's Count Three, her failure-to-accommodate claim.

Respectfully submitted this 29th day of November, 2021.

*/s/ Benson E. Pope*
Benson E. Pope, Esq.
Georgia Bar No. 583730
bpope@littler.com
Jacob Gibson
*(admitted pro hac vice)*
jsgibson@littler.com

LITTLER MENDELSON, P.C.
3424 Peachtree Road N.E.
Suite 1200
Atlanta, GA  30326-4803
Tel: 404.233.0330

        Alison M. Day
        *(admitted pro hac vice)*
        aday@littler.com

        LITTLER MENDELSON, P.C.
        Suite 3250
        41 S. High Street
        Columbus, OH 43215

        Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ISMETA KADRIBASIC, <br><br> Plaintiff, <br> vs. <br><br> WAL-MART, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) Case No. 1:19-CV-03498-SDG <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## CERTIFICATE OF SERVICE

I hereby certify that on November 29th, 2021, the foregoing **DEFENDANT WALMART'S MOTION FOR ATTORNEYS' FEES AND EXPENSES** was filed with the Court via its ECF/CM system and will be sent electronically to the registered participants identified on the Notice of Electronic Filings, including Plaintiff's counsel of record as follows:

Douglas R. Kertscher
Julie H. Burke
Blake F. Frye
Hill, Kertscher & Wharton, LLP
3625 Cumberland Blvd., SE, Suite 1050
Atlanta, GA 30339

*/s/ Benson E. Pope*
Benson E. Pope
Counsel for Defendant

5