IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ISMETA KADRIBASIC, )<br>)<br>   Plaintiff, )<br>vs. )<br>)<br>WAL-MART, INC., )<br>)<br>   Defendant. ) | Case No. 1:19-CV-03498-SDG |

**DEFENDANT WALMART'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES AND EXPENSES**

Pursuant to 42 U.S. Code § 12205 and LR 54.2 of the Civil Local Rules for the Northern District of Georgia, Defendant Walmart ("Defendant") submits this Memorandum of Law in Support of its Motion for Attorneys' Fees and Expenses (Defendant's "Motion"), filed contemporaneously herewith. Defendant requests that the Court grant its Motion and award it its reasonable attorneys' fees and expenses incurred in defending against Plaintiff's failure-to-accommodate claim (Count Three of Plaintiff's Complaint).

Defendant estimates that its attorneys' fees and expenses related to Plaintiff's Counts Three are approximately $175,443.25. Pursuant to LR 54.2, however,

Defendant will, within thirty days hereof, submit a detailed itemization, including the exact amount it seeks, along with affidavits and other supporting documentation.[1]

## SUMMARY OF ARGUMENT

Plaintiff filed her lawsuit in August 2019, asserting four claims in her Complaint. Defendant has since prevailed on each of Plaintiff's claims. For the instant Motion, however, Defendant seeks only its attorneys' fees and expenses associated with Plaintiff's Count Three – her ADA failure-to-accommodate claim.

Plaintiff's Count Three was frivolous and should never have been brought, and Defendant should be awarded its fees and expenses incurred in defending against the claim. For her Count Three, Plaintiff claimed that Defendant failed to accommodate Plaintiff's disability by allowing her leave, in violation of the ADA. But there was never any factual or legal basis for that claim. Plaintiff's own

---

[1] In accordance with LR 54.2, Defendant intends to submit a supplemental brief within thirty days detailing its fees and expenses associated with the defense of Plaintiff's failure-to-accommodate claim and explaining why those fees and expenses were reasonable and necessary. Along with that brief, Defendant intends to submit one or more affidavits to establish the reasonableness of the rates Defendant's counsel charged. As for the reasonableness of the time Defendant's counsel billed, Defendant intends to submit its time sheets for *in camera* review. If the Court has a different preference, Defendant requests clarification as to such preference.

testimony, at deposition and at trial, was that she had been allowed to take off any and all days she needed as a result of her condition and that she never requested leave from Defendant before the decision to terminate her employment. Further, all requests for leave must be made through Sedgwick, Defendant's third-party leave administrator. Despite having previously requested leave through Sedgwick on unrelated occasions, Plaintiff admitted that she did not do so with respect to her condition.

Still, Plaintiff prosecuted her claim all the way through the close of her case in chief at trial, and Defendant was forced to expend significant resources defending against it. At the close of Plaintiff's proof at trial, Defendant moved for Rule 50 judgment as a matter of law on Plaintiff's failure-to-accommodate claim. Plaintiff objected. The Court stated it was inclined to rule in Defendant's favor but never the less took the motion under advisement and allowed the parties to brief the issue of Plaintiff's Count Three over the weekend of Saturday, October 23 and Sunday, October 24, 2021.

Defendant's counsel spent considerable time that weekend – in the middle of trial, and instead of focusing on its own case in chief– briefing why Plaintiff's accommodation claim failed. Defendant filed its brief on Sunday, October 24, 2021. Plaintiff did not even bother to submit a brief of her own. Rather, within a few hours

of Defendant's filing, Plaintiff notified the Court that she was withdrawing her claim. Indeed, Plaintiff dismissed her claim at the *very last moment possible* to avoid the inevitable adverse adjudication by this Court on its merits

Plaintiff's failure-to-accommodate claim always lacked merit, and yet Plaintiff forced Defendant to conduct extensive discovery on it, to defend it for over two years, and even to brief it at the conclusion of her case in chief at trial when it could not succeed, only to dismiss it at the last possible moment. As detailed below, under the ADA's fee-shifting provision, Defendant is entitled to its reasonable attorneys' fees and expenses associated with the defense of Plaintiff's Count Three.

## RELEVANT FACTS

### I. Plaintiff's Complaint

Plaintiff filed her lawsuit against Defendant, her former employer, in August 2019. In her Complaint, Plaintiff alleged that she was injured at work and became disabled. In short, she claimed that Defendant discharged her because of her disability, failed to accommodate her disability, retaliated against her for exercising her rights under the ADA, and interfered with her FMLA rights. Based on these allegations, she asserted the following counts: (1) Count One for ADA Retaliation; (2) Count Two for ADA Discriminatory Discharge; (3) Count Three for ADA

Failure to Accommodate; and (4) Count Four for FMLA Interference. [Doc. 1]. Defendant prevailed on all counts.

This Motion concerns Count Three of Plaintiff's Complaint – her failure-to-accommodate claim.[2] Plaintiff claimed that Defendant failed to accommodate her disability by providing her leave to recover from her injury. In support of that claim, Plaintiff alleged in her Complaint that she requested leave on November 9, 2018, and that Defendant refused to provide her "the reasonable accommodation of 3-14 days leave time" at that time. [Doc. 1, at 17-18.] Plaintiff also vaguely alleged that Defendant "discriminated against [her] by failing to provide reasonable accommodations during her employment from October 21, 2018 through November 9, 2018." *Id*. Regarding Plaintiff's November 9, 2019 request for leave, it was undisputed that Defendant made the decision to terminate Plaintiff's employment before Plaintiff requested leave.[3] Plaintiff did not allege in her Complaint that she actually requested leave on any other occasion aside from November 9, 2018.

---

[2] Plaintiff's Counts One and Four were ultimately dismissed on summary judgment [Doc. 132], and the jury returned a verdict for Defendant on Plaintiff's Count Two [Doc. 183]. Plaintiff's Count Three, the subject of the instant Motion, was withdrawn by Plaintiff as described herein.

[3] After her Complaint, Plaintiff no longer argued that she had requested leave on November 9, 2019, accepting that because Defendant had already made the decision to terminate her employment, it had no obligation to accommodate her request for leave. *See McCarroll v. Somerby of Mobile, LLC*, 595 F. App'x 897, 899 (11th Cir.

## II. Discovery Confirmed That Plaintiff's Claim Failed.

If Plaintiff did not already realize that her failure-to-accommodate claim could not succeed, she should have realized it by the end of the discovery period. The parties engaged in extensive discovery on all of Plaintiff's claims, including Count Three. Defendant produced many thousands of pages of documents in response to Plaintiff's discovery requests, and Plaintiff took eleven depositions (to Defendant's five), of which seven deponents were current high-level managers of Defendant.

Plaintiff left no stone unturned at great burden and expense to Defendant, but in the end, none of Plaintiff's discovery changed what she already knew to be true – she never requested an accommodation prior to the decision to terminate her employment, and she was never denied an accommodation

Indeed, at her deposition, Plaintiff claimed that she had requested leave on October 29 and November 8, 2018. However, Plaintiff admitted that on those dates she merely told her supervisor, Angela Taylor, that she "was probably going to take some time off" due to her back injury. (Doc. 95 at 268:11-13). Plaintiff admitted she did not actually request leave on those dates and that, rather, she was *considering* whether to take leave and *had not even made the decision* to take leave. *Id*. at 349:9-

---

2014). The remainder of this brief addresses Plaintiff's alternative argument that she requested leave on October 29 and November 8, 2019.

6

13, 350:12-20 ("I did not specifically make . . . the decision. I just made her aware, hey, I am thinking about leave, I am not getting any better.").

Following discovery, Defendant moved for summary judgment on all of Plaintiff's claims, but the motion was denied with respect to the ADA discriminatory discharge and failure-to-accommodate claims. [Doc.132 at 29-30.]

### III.  Plaintiff Refused to Dismiss Her Claim Until the Last Possible Moment.

During her cross-examination at trial, Plaintiff provided the same testimony as she had at her deposition – that she did not ask for leave prior to her termination and that she was never denied leave. Indeed, with respect to October 29, 2018, it was undisputed at trial that Angela Taylor visited the Duluth Club and had a conversation with Plaintiff. Plaintiff's testimony at trial was that she expressed to Ms. Taylor that she was in pain and stated that she might need to take leave. Plaintiff admitted, however, that she neither requested leave nor any accommodation at that time. Rather, she testified that she merely informed Ms. Taylor that she was *considering* taking leave. Further, in the text message between Plaintiff and Angela Taylor later on the same day (Def's Ex. 47, at Bates 5203-4), Plaintiff texted Ms. Taylor: "I will probably be back tomorrow unless I feel like today." Plaintiff admitted, as reflected in her text message, that she had not decided to take leave and intended to return to the Club shortly.

Likewise, on the morning of November 8, 2018, Plaintiff again allegedly spoke with Ms. Taylor about leave. She confirmed during her cross examination, however, that she again only discussed the *possibility* of taking leave. Just as on October 29, 2018, Plaintiff did not ask for leave or make clear that she wanted or needed leave.

Of additional note, all leave requests must be made through Defendant's third-party leave administrator, Sedgwick. Plaintiff testified that she had previously requested leave through Sedgwick, but she did not do so for her injury. Even with this testimony at trial, Plaintiff did not dismiss her claim at the close of her proof.

Instead, when Plaintiff's proof concluded on Friday, October 22, 2021, Defendant was forced to move for judgment as a matter of law under Rule 50 on Plaintiff's failure-to-accommodate claim. [*See* Doc. 178.] Defendant argued, as had been clear for the duration of the case, that there was zero evidence to support Plaintiff's claim that Defendant had failed to accommodate her. Plaintiff objected despite there being no basis to do so and the Court took Defendant's Rule 50 motion under advisement for the weekend of Saturday, October 23 and Sunday, October 24, 2021. The Court allowed the parties to file briefs.

Defendant spent much of that weekend in the middle of trial briefing why Plaintiff's Count Three failed. Defendant submitted its Brief in Support of its Rule

50 motion at 11:54 AM on Sunday, Oct. 24. [Doc. 177]. Only a few hours later, at 3:13 PM, Plaintiff's counsel emailed the Courtroom Deputy Clerk to notify the Court that Plaintiff was "withdrawing" her failure-to-accommodate claim. A copy of Plaintiff's October 24, 2021 email to the Court's Deputy Clerk is attached hereto as **Exhibit A**. Finally, Plaintiff had acknowledged what she knew from the start of this lawsuit – her Count Three could not succeed. In her email, Plaintiff attributed her dismissal of her claim to her desire to "simplify and help speed along the trial." However it is apparent, rather that Plaintiff sought to avoid the imminent dismissal of her claim on the merits.

## LAW & ARGUMENT

### I.      The ADA's Fee-Shifting Provision

Under the fee-shifting provision of the ADA, a district court is empowered to award fees to a prevailing party:

> In any action or administrative proceeding commenced pursuant to [the ADA], the court or agency, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs.

42 U.S.C. § 12205.

In *Christiansburg*, the Supreme Court clarified the standard under 42 U.S.C. § 12205 for awarding attorney's fees to prevailing defendants, as opposed to prevailing plaintiffs. *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421

(1978)). Known as the *Christiansburg* standard, the district court may impose fees against the unsuccessful plaintiff if the action was "frivolous, unreasonable, or without foundation." *Christiansburg*, 434 U.S. at 421. The decision to award fees to a prevailing defendant is not based on "hard and fast rules" and should be made, at the court's discretion, on a "case-by-case basis." *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1177 (11th Cir. 2005).

## II. The Court Should Award Defendant Its Fees and Expenses Incurred in Defending Plaintiff's Failure-to-Accommodate Claim.

The Court should award Defendant its reasonable attorneys' fees and expenses incurred in connection with the defense of Plaintiff's failure-to-accommodate claim. First, under the ADA's fee-shifting provision, Defendant was the prevailing party as to Plaintiff's Count Three because Plaintiff withdrew her claim after Defendant made its Rule 50 motion, Defendant argued and briefed that motion and just immediately prior to its adjudication and to avoid its dismissal. Second, Plaintiff's claim had no chance of success and should never have been brought. Accordingly, an award of fees is appropriate.

### A. Defendant prevailed on Plaintiff's Count Three.

Defendant was the prevailing party on Plaintiff's Count Three for purposes of the ADA's fee-shifting provision. Eleventh Circuit courts have found that where a plaintiff unnecessarily waits to dismiss her claim, particularly where a plaintiff

dismisses her claim to avoid an adverse ruling on its merits, the defendant is rendered the prevailing party for purposes of the ADA.

For example, in *Perry v. Orange*, 341 F. Supp. 2d 1197, 1204 (M.D. Fla. 2004), the court explained that the ADA recognizes a defendant to be considered a prevailing party, and to be awarded fees, where the plaintiff files a frivolous claim "and then simply dismiss[ed] th[at] claim[] voluntarily to avoid a judicial termination on the merits." Likewise, in *Schere v. Sch. Bd. of Miami-Dade Cty., Fla.*, No. 06-22653-CIV, 2007 WL 9705866, at *6 (S.D. Fla. Aug. 30, 2007), the court found that the plaintiff's voluntary dismissal rendered defendant a prevailing party where plaintiff dismissed the claim to avoid adjudication on the merits. *See also Gil v. Palm Beach Cty. Fla.*, No. 9:17-CV-80996, 2020 WL 434484, at *1 (S.D. Fla. Jan. 28, 2020) (finding that defendant was a "prevailing party" based on its obtaining voluntary dismissal with prejudice).

As a final example, in *West v. Town of Jupiter Island*, 146 F. Supp. 2d 1302, 1303 (S.D. Fla. 2001), the court granted a defendant's motion for fees as to plaintiff's disability harassment and wrongful termination action where the plaintiff unreasonably delayed in moving to voluntarily dismiss his claims after the court reached a decision in another case that made his claims untenable. The court reasoned as follows:

> Had plaintiff taken the initiative and sought a voluntary dismissal upon learning of the *Maynard* pronouncement, this court would be disinclined to award fees. However, plaintiff maintained the action up and until he realized he could not cooperate with the court's instruction to provide evidence of how his impairments restrict major life activities compared to the general population, as required by *Maynard*. Thus, this court finds that an award of fees is appropriate under the *Christianburg* standard, since plaintiff continued this action well after any legal foundation for the action was dissipated by *Maynard*. Accordingly, this court will award defendant, prevailing party, attorneys' fees and costs incurred after November 22, 2000 (the date of the *Maynard* decision).

*Id*.

Here, this Plaintiff knew or should have known that her claim was untenable, but she still maintained her claim. There was no evidence that revealed itself in discovery, nor change in case law, which altered the viability of her claim during the course of this lawsuit. Rather, Plaintiff's own version of events was always that she never requested leave on October 29 or November 8, 2018, and that she had not even decided whether she *wanted* to take leave as of those dates. This was always insufficient to sustain her claim under Eleventh Circuit law.

Nonetheless, Plaintiff prosecuted her claim for over two years. She did not dismiss her claim after discovery closed. She did not dismiss it at summary judgment. In fact, she did not even dismiss her claim after the close of her proof at trial. Rather, she waited until Defendant's counsel had spent the weekend briefing its Rule 50 motion before finally abandoning her claim at the very last moment, just

12

prior to its adjudication and, Defendant submits, its dismissal – as this Court had previewed days prior at the close of the Rule 50 argument.

This is precisely the kind of conduct that the ADA's fee-shifting provision is designed to curb. As in the above cases, Plaintiff ought to be held accountable for maintaining a claim with no foundation at Defendant's considerable expense. The Court should find that Defendant prevailed on Plaintiff's Count Three for purposes of the ADA's fee-shifting provision and that an award of fees is, therefore, appropriate.

### B. Plaintiff's claim was frivolous.

In addition to Defendant's being the prevailing party, Plaintiff's Count Three was "frivolous, unreasonable, and without foundation" under the *Christiansburg* standard, and the Court should, therefore, award Defendant its fees.

Granted, a case is not necessarily frivolous just because a plaintiff is unsuccessful. For example, where a case presents a novel issue that is ultimately decided against the plaintiff – *i.e.*, where the plaintiff could not have known that the claim would fail – there is no frivolity to support an award of fees. *Michigan Flyer LLC v. Wayne Cty. Airport Auth.*, 860 F.3d 425, 429 (6th Cir. 2017) (where case presented novel issue of statutory interpretation regarding scope of term "individual" as used in ADA, there was no evidence that action was filed in bad faith); *Kohler v.*

13

*Flava Enterprises, Inc.*, 779 F.3d 1016, 1018 (9th Cir. 2015) (no frivolity where customer's claims resulted in Court of Appeals interpreting a provision of the ADA for the first time in a published opinion and clarifying a question with split district court decisions). Likewise, where the precedent is not clear as to how a particular claim should be resolved, that claim is not frivolous. *Kohler v. Bed Bath & Beyond of California, LLC*, 780 F.3d 1260, 1266 (9th Cir. 2015) (claims were not clearly resolved by prior caselaw interpreting the ADA, plaintiff was entitled to seek resolution of the issues, and defendant not entitled to fees).

In contrast, where, as here, it is clear under existing authority that a plaintiff's claim cannot succeed, the claim is considered frivolous and an award of fees is appropriate. *Williams v. Packaging Corp. of Am.*, No. CIV.A.7:06-CV-111(HL, 2009 WL 761168, at *6 (M.D. Ga. Mar. 20, 2009) (defendant was entitled to fees where plaintiff failed to exhaust remedies as to Title VII and ADA claims, and plaintiff failed to make *prima facie* case under Section 1981, knowing he was not qualified for position at issue); *Torres v. City of Orlando*, 264 F. Supp. 2d 1046, 1052 (M.D. Fla.), *aff'd*, 88 F. App'x 391 (11th Cir. 2003) (defendant was entitled to fees as to Title VII claim where plaintiff failed to establish *prima facie* case of discrimination and her claims groundless).

This is particularly true where, as here, a plaintiff's personal knowledge and admissions preclude her claim. *See Adkins v. Briggs & Stratton Corp.*, 159 F.3d 306, 307 (7th Cir. 1998) (claim, which requires establishing knowledge of disability, was frivolous where plaintiff's own admission was that employer did not have knowledge of disability); *Watson v. Cty. of Yavapai*, 240 F. Supp. 3d 996, 1002 (D. Ariz. 2017) ("Watson did not need discovery to learn any of this—she had personal knowledge of it going into the lawsuit because she herself was present for the interactive process and requested or approved the accommodations.").

Lastly, a plaintiff has an obligation to continuously vet the viability of her claims and to frankly evaluate whether her claim has any chance of success. For example, in *Walker v. Fulton Cty. Sch. Dist.*, No. 1:12-CV-4030-CC, 2015 WL 10709901, at *2-3 (N.D. Ga. Sept. 30, 2015), the court found that the defendant was entitled to fees after prevailing at summary judgment. The court reasoned that the plaintiff continued to litigate his wage discrimination claim even after being put on notice that it was not legally viable and after discovery showed the same. *Id*. at 3; *see also Turner v. Sungard Bus. Sys., Inc*., 91 F.3d 1418, 1423 (11th Cir. 1996) (the court affirmed an award of fees under the *Christiansburg* standard, finding that even if the complaint was not frivolous at the time of filing, plaintiff continued to pursue it after it clearly became so).

15

Here, the law was clear and well-established, and Plaintiff's own version of events precluded her claim. First, Plaintiff always admitted that each and every time she needed time off from work, she was allowed it. *See, e.g.*, Kadribasic Dep., 96:18-20, 353:1-15; *see also, Watson v. Cty. of Yavapai*, 240 F. Supp. 3d 996, 1002 (D. Ariz. 2017) (finding claim frivolous and awarding fees where plaintiff's failure to accommodate date foreclosed by fact that accommodations had been provided). Second, Plaintiff always admitted that she never requested leave, either through the proper channel or from her supervisors. She admitted she knew how, had been trained on it, and had even recently utilized the leave process. *See* Kadribasic Dep., 225:22-24.

Third, Plaintiff's theory that, in mentioning to her supervisor the *possibility* that she *might* want to take leave, she had somehow initiated the interactive process, likewise failed. As set out in detail in Defendant's Brief in Support of its Rule 50 Motion [Doc. 177], a request for accommodation "must be sufficiently direct and specific" so as to make clear to the employer that the employee wants an accommodation and needs help obtaining it. *See, e.g.*, *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1226 (11th Cir. 2016) ("[T]he defendant must have enough information to know of both the disability and desire for accommodation."); *Crider v. Amerigas Propane, Inc.*, No. 1:16-CV-4331-ELR-LTW, 2019 WL 12872651, at

16

\*14 (N.D. Ga. Aug. 7, 2019) (citing *E.E.O.C. v. C.R. England, Inc.,* 644 F.3d 1028, 1049 (10th Cir.2011) (employee must make clear that he "wants assistance for his disability")); *see also Ballard v. Rubin*, 284 F.3d 957, 962 (8th Cir. 2002) (employee's notice "must make clear that the employee <u>wants</u> assistance for his or her disability." (underline added))

When Plaintiff and Angela Taylor spoke on October 29 and November 8, 2018, Plaintiff had not even decided that she *wanted* to take leave, much less did she directly and specifically ask for it. Further, had Plaintiff wanted to take leave, she should have submitted a request through Sedgwick. Ms. Taylor knew that Plaintiff had previously requested leave through Sedgwick. Simply put, there was no reason, whatsoever, that Ms. Taylor would have thought that she needed to assist Plaintiff in obtaining leave as a result of those conversations, and therefore the interactive process was never initiated.

In summary, there was never any foundation for Plaintiff's failure-to-accommodate claim. Either Plaintiff pursued her claim in bad faith, or she failed to ever honestly evaluate her claim. Whatever the case, Plaintiff's pursuit of her Count Three was frivolous, and the Court should award Defendant its reasonable attorneys' fees and expenses incurred in connection with defending the claim.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant its Motion for Attorneys' Fees and Expenses and award it its reasonable attorneys' fees and expenses incurred in connection with the defense of Plaintiff's ADA failure-to-accommodate claim (Count Three of Plaintiff's Complaint).

Respectfully submitted this 29th day of November, 2021.

>  /s/ *Benson E. Pope*
>  Benson E. Pope, Esq.
>  Georgia Bar No. 583730
>  bpope@littler.com
>  Jacob Gibson
>  *(admitted pro hac vice)*
>  jsgibson@littler.com
>
>  LITTLER MENDELSON, P.C.
>  3424 Peachtree Road N.E.
>  Suite 1200
>  Atlanta, GA  30326-4803
>  Tel: 404.233.0330
>
>  Alison M. Day
>  *(admitted pro hac vice)*
>  aday@littler.com
>
>  LITTLER MENDELSON, P.C.
>  Suite 3250
>  41 S. High Street
>  Columbus, OH 43215
>
>  Counsel for Defendant

## FONT CERTIFICATION

The undersigned hereby certifies that this pleading complies with the font requirements of LR 5.1B because the document has been prepared in Times New Roman, 14 point.

                                                       */s/ Benson E. Pope*  
                                                       Benson E. Pope

                                                       COUNSEL FOR DEFENDANT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ISMETA KADRIBASIC,  )<br>  )<br>  Plaintiff,  )<br>vs.  )<br>  )<br>WAL-MART, INC.,  )<br>  )<br>  Defendant.  )<br>  )<br>  ) | Case No. 1:19-CV-03498-SDG |

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 29, 2021, the foregoing **DEFENDANT WALMART'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR ATTORNYE'S FEES AND EXPENSES** was filed with the Court via its ECF/CM system and will be sent electronically to the registered participants identified on the Notice of Electronic Filings, including Plaintiff's counsel of record as follows:

> Douglas R. Kertscher
> Julie H. Burke
> Blake F. Frye
> Hill, Kertscher & Wharton, LLP
> 3625 Cumberland Blvd., SE, Suite 1050
> Atlanta, GA 30339

> */s/ Benson E. Pope*
> Benson E. Pope
> Counsel for Defendant

2