IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ISMETA KADRIBASIC,

     Plaintiff,

               v.

WAL-MART INC.,

     Defendant.

Civil Action No.
1:19-cv-03498-SDG

## OPINION AND ORDER

This matter is before the Court on Defendant Wal-Mart Inc.'s (Wal-Mart) bill of costs [ECF 192] and various post-trial motions filed by both parties. After careful review of the parties' briefing, the Court **DENIES** Plaintiff Ismeta Kadribasic's motion to stay taxation of costs and attorneys' fees pending appeal [ECF 199]; **DENIES** Wal-Mart's motion for attorneys' fees and expenses [ECF 193]; and **GRANTS IN PART AND DENIES IN PART** Kadribasic's motion to exclude certain costs [ECF 198]. The Court will award $12,455.65 in costs to Wal-Mart.

## I.    Background

Kadribasic brought this case against her former employer, Wal-Mart, for allegedly retaliating against her because of her back-pain disability and for failing to accommodate this disability.[1] Kadribasic brought four counts against Wal-Mart

---

[1]   *See generally*, ECF 1.

for: (1) American with Disabilities Act (ADA) retaliation;[2] (2) ADA discriminatory discharge;[3] (3) ADA failure to accommodate;[4] and (4) interference with Family and Medical Leave Act (FMLA) rights.[5]

The parties cross-moved for summary judgment.[6] The Court, adopting in part the report and recommendation of United States Magistrate Judge Christopher C. Bly,[7] denied Kadribasic's motion for summary judgment and granted in part and denied in part Wal-Mart's motion for summary judgment.[8] The Court permitted Kadribasic to proceed to trial on her claims for discriminatory discharge and failure to accommodate under the ADA.[9]

At trial, at the close of Kadribasic's case, Wal-Mart moved for a judgment as a matter of law on both claims. Kadribasic withdrew her reasonable accommodation claim and the Court denied Wal-Mart's motion with respect to the

---

[2]   *Id.* ¶¶ 45–52.

[3]   *Id.* ¶¶ 53–58.

[4]   *Id.* ¶¶ 59–66.

[5]   *Id.* ¶¶ 67–78.

[6]   ECF 104 (Kadribasic's Mot. Sum. J.); ECF 107 (Wal-Mart's Mot. Sum. J.).

[7]   ECF 123.

[8]   ECF 132.

[9]   *Id.* at 30.

discriminatory discharge claim. The jury found in favor of Wal-Mart on the discriminatory discharge claim and the Court entered judgment in favor of Wal-Mart on October 28, 2021.[10]

Following the entry of judgment, Kadribasic filed an appeal of the Court's Order granting summary judgment against her on her FMLA claim.[11] Wal-Mart filed its bill of costs as the prevailing party and a motion for attorneys' fees.[12] Kadribasic moves to exclude certain costs requested by Wal-Mart and to stay the determination of costs and fees pending her appeal.[13] All motions are fully briefed and ripe for consideration.[14]

## II.    Kadribasic's Motion to Stay

In response to Wal-Mart's bill of costs and motion for attorneys' fees, Kadribasic moves to stay the determination of these issues pending the outcome

---

[10]   ECF 184.

[11]   ECF 185.

[12]   ECF 192 and ECF 193, respectively.

[13]   ECF 198 and ECF 199, respectively.

[14]   ECF 203 (Def.'s Opp. Mot. Stay); ECF 204 (Def.'s Opp. Mot. Exclude); ECF 208 (Pl.'s Reply in Support Mot. Stay); ECF 209 (Pl.'s Reply in Support Mot. Exclude); ECF 210 (Pl.'s Opp. Mot. Fees); ECF 211 (Def.'s Reply in Support Mot. Fees).

of her appeal.[15] Kadribasic argues that the Court should do so in consideration of judicial economy, her current financial hardship, and her likelihood of success on appeal.[16] Wal-Mart responds that there is nothing extraordinary about this case that warrants departure from the general rule that costs and fees should be assessed despite a pending appeal.[17] The Court agrees with Wal-Mart.

Though a filing of a notice of appeal typically divests the district court of jurisdiction over those matters involved, the district court still "retain[s] jurisdiction to consider motions that are collateral to the matters on appeal," such as motions for costs or attorneys' fees. *Briggs v. Briggs*, 260 F. App'x 164, 165 (11th Cir. 2007). As the parties recognize, however, the Court also has discretion to stay consideration of costs and fees while an appeal is pending. Fed. R. Civ. P. 54(d), advisory committee's note to 1993 amendment.

In determining whether to stay determination of costs and fees, courts consider judicial economy and the impact the outcome of the appeal will have on the costs and fees determination. *See e.g., Oduok v. Cobb Cty. Bd. of Comm'rs*, No. 1:00-CV-2046-JEC, 2007 WL 9701622, at *4 (N.D. Ga. July 16, 2007)

---

[15]   ECF 199.

[16]   *Id.* at 4–8.

[17]   ECF 203, at 1.

("To conserve judicial resources, the Court will not referee any dispute over costs while the case is on appeal."); *Pinto v. Rambosk*, No. 2:19-CV-551-JLB-MRM, 2021 WL 4263404, at *1 (M.D. Fla. Sept. 20, 2021) ("Notably, courts routinely defer ruling on motions for attorney's fees and costs pending appeal in the interest of judicial economy."); *BASF Corp. v. SNF Holding Co.*, No. 4:17-CV-251, 2019 WL 3554699, at *11 (S.D. Ga. Aug. 5, 2019) (considering interrelation between appellate ruling and the defendants' request for attorneys' fees in deferring ruling on fees motion). The prevention of piecemeal and prolonged litigation, however, is also an important consideration. *See e.g.*, *Terrell v. Paulding Cnty.*, No. 4:10-CV-0141-HLM, 2012 WL 12898009, at *1 (N.D. Ga. Mar. 5, 2012) (no compelling reason to stay taxation of costs pending appeal where it would "create a very real possibility of a piecemeal appeal"); *Pelka v. City of Waycross*, No. CV 516-108, 2019 WL 1987309, at *1 (S.D. Ga. May 6, 2019) (delaying taxing of costs would not promote judicial economy because it could result in piecemeal appeal and prolong litigation).

Kadribasic argues that determining costs and attorneys' fees is time consuming, for both the Court and the parties, and if she succeeds on appeal the Court would need to reassess because, under the FMLA, success on any claim

entitles the Plaintiff to costs.[18] Though Kadribasic is correct that determination of attorneys' fees is a time consuming, often tedious undertaking, as explained further *infra*, the Court denies Wal-Mart's motion for attorneys' fees. The determination of costs is not as burdensome and, should Kadribasic prevail on appeal, the Court will, if necessary, vacate the award of costs. By contrast, judicial economy is served by a prompt determination of Wal-Mart's motion for attorneys' fees to avoid the possibility of piecemeal appeals.

Kadribasic also expressed concern about the financial hardship that would be imposed by a $200,000 award of attorneys' fees and costs.[19] As the Court denies Wal-Mart's motion for attorneys' fees, Kadribasic will be required to pay significantly less. Accordingly, the Court denies Kadribasic's motion to stay.

## III.   Wal-Mart's Motion for Attorneys' Fees

Wal-Mart moves for attorneys' fees under the ADA's fee shifting provision, 42 U.S.C. § 12205, arguing that Kadribasic's failure to accommodate claim was frivolous.[20] Kadribasic responds that Wal-Mart's motion must be denied because it is untimely and because her failure to accommodate claim survived summary

---

18   ECF 199, at 4–5, 6–8.

19   *Id.* at 5; ECF 208, at 8.

20   ECF 193-1, at 9–10.

judgment.[21] The Court agrees with Kadribasic that Wal-Mart's motion is untimely and that Kadribasic's failure to accommodate claim was not frivolous.

First, as to timeliness, the Federal Rules require a claim for attorneys' fees to be "filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). The local rules of this Court further require that the moving party file "a detailed specification and itemization of the requested award" within 30 days after the attorneys' fees motion. LR 54.2(A)(2) NDGa. "A party's failure to timely file a motion for attorney's fees within fourteen days of the court judgment under Federal Rule 54(d)(2)(B)(i), in the absence of a showing of excusable neglect, is [ ] grounds for denial of the fee request." *Morsette v. Brewster*, No. 1:13-CV-00011-AT, 2013 WL 12111104, at *2 (N.D. Ga. Oct. 31, 2013).

Final judgment was entered in this case on October 28, 2021,[22] and Wal-Mart filed its motion for attorneys' fees a month later, on November 29, 2021.[23] Wal-Mart contends that it is not bound by Rule 54(d) because the local rules are silent on when a party must file a motion for attorneys' fees.[24] It further claims that it

---

[21]   ECF 210, at 4, 7–11.

[22]   ECF 184.

[23]   ECF 193.

[24]   ECF 211, at 2–4.

complied with the local rules by filing its itemization of the requested award within 30 days of judgment.[25] Wal-Mart is incorrect. Absent a deadline set by the local rules or by Order of this Court, the Court will apply the deadline set by the Federal Rules of Civil Procedure, which for a motion for attorneys' fees is fourteen days after the entry of judgment. Fed. R. Civ. P. 54(d)(2)(B)(i).

Wal-Mart's arguments for waiver or excusable neglect are not compelling.[26] It cites no authority for its position that a party can waive the issue of timeliness by failing to raise it in its own request for an extension of time. Wal-Mart also has not shown excusable neglect. Wal-Mart failed to file its motion on time because it misinterpreted the local rules and failed to confirm its understanding. This is not neglect; this is legal error. "[A]n attorney's misunderstanding of the plain language of a rule cannot constitute excusable neglect such that a party is relieved of the consequences of failing to comply with a statutory deadline." *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 998 (11th Cir. 1997).

Regardless, Wal-Mart is not entitled to attorneys' fees because Kadribasic's failure to accommodate claim was not frivolous. Under the ADA's fee shifting provision "a district court may in its discretion award attorney's fees to a

---

[25]   *Id.*

[26]   *Id.* at 4–7.

prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 421 (1978). The key determination is whether the subject claim was "so lacking in arguable merit as to be groundless or without foundation" not "whether the claim was ultimately successful." S*ullivan v. Sch. Bd. of Pinellas Cnty.*, 773 F.2d 1182, 1189 (11th Cir. 1985) (quoting *Jones v. Texas Tech. Univ.*, 656 F.2d 1137, 1145 (5th Cir.1981)).

Significantly, as Kadribasic points out, "the presentation of a prima facie case in response to a motion for summary judgment means that a claim necessarily cannot then be considered frivolous." *Quintana v. Jenne*, 414 F.3d 1306, 1307 (11th Cir. 2005). This is so because "[i]n cases where the plaintiffs introduced evidence sufficient to support their claims, findings of frivolity typically do not stand." *Sullivan*, 773 F.2d at 1189. Kadribasic's failure to accommodate claim survived summary judgment. The Court found that Kadribasic presented sufficient evidence to raise a question of material fact about whether she was

disabled and whether her request for leave should have been granted as a reasonable accommodation.[27]

Wal-Mart argues that the Court's ruling on summary judgment is not dispositive because the Court did not explicitly find that Kadribasic established a *prima facie* case for her failure to accommodate claim.[28] But to determine that a request for leave could be a reasonable accommodation for Kadribasic's disability, the Court necessarily assumed, even without deciding, that she established her *prima facie* case.[29] *See Bonner v. Mobile Energy Servs. Co.*, 246 F.3d 1303, 1305 (11th Cir. 2001) (finding that claim was not frivolous even though it was "markedly weak" and the district court granted summary judgment where it "assumed, without deciding" that plaintiffs established their *prima facie* case of discrimination). The Court does not find that Kadribasic's claim was frivolous. Only after Kadribasic presented all her evidence at trial did she choose to

---

[27]   ECF 132, at 29–30.

[28]   ECF 211, at 8.

[29]   "To establish a prima facie case of discrimination under the ADA, a plaintiff must show: (1) [s]he is disabled; (2) [s]he is a qualified individual; and (3) [s]he was subjected to unlawful discrimination because of his disability." *Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1255–56 (11th Cir. 2007).

withdraw her reasonable accommodation claim, which she was permitted to do. Wal-Mart is not entitled to attorneys' fees.

## IV.  Kadribasic's Motion to Exclude Costs

Wal-Mart claims $18,213.15 in costs as the prevailing party pursuant to Federal Rule of Civil Procedure 54(d)(1). "Under Fed.R.Civ.P. 54(d), costs shall be allowed as of course to the prevailing party unless the court directs otherwise." *Gilchrist v. Bolger*, 733 F.2d 1551, 1556 (11th Cir. 1984). "However, a court may only tax costs as authorized by statute." *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)). Here, the Court may only award the costs enumerated in 28 U.S.C. § 1920. *Crawford Fitting Co.*, 482 U.S. at 441–42 ("Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d).").

Kadribasic objects to five categories of costs as non-taxable under § 1920: (1) $215 for requested fees related to service of subpoenas;[30] (2) $4,500 requested for fees related to demonstrative aids created for trial;[31] (3) $6,648.49 requested for

---

[30] Kadribasic originally moved to exclude all but $45 of the subpoena service fees, but revised this motion based on Wal-Mart's response. ECF 198, at 4–5; ECF 209, at 2–3.

[31] ECF 198, at 5–6.

transcript fees; (4) $200 requested for interpreter fees;[32] and (5) $150 requested for fees paid to the Clerk of Court for a *pro hac vice* admission application.[33] Kadribasic also argues that the Court should decline an award of costs to Wal-Mart in consideration of her financial status.[34]

### A.    Fees for Serving Subpoenas

Kadribasic argues that the fees requested by Wal-Mart for serving subpoenas should be reduced by $215 because Wal-Mart improperly included $90 in rush fees and requested $125 for service on Keith Lowe, who was not a trial witness, without documentation that substantiates the fee.[35]

Though rush fees are typically not compensable, a district court can allow such fees where rush service is necessary. *See Dennis v. Waffle House, Inc.*, No. 1:03-CV-2421-CC, 2006 WL 8431236, at *4 (N.D. Ga. May 17, 2006) (rush fees not permitted without explanation as to the necessity); *Powell v. The Home Depot, U.S.A., Inc.*, No. 07-80435-CIV, 2010 WL 4116488, at *4 (Sept. 14, 2010), *report and recommendation adopted*, 2010 WL 4102933 (S.D. Fla. Oct. 18, 2010) (awarding costs

---

[32]   *Id.* at 11.

[33]   *Id.* at 11–12.

[34]   *Id.* at 12–13.

[35]   ECF 209, at 2–3.

for expedited service where individual was difficult to find and deposition needed to be taken quickly). Wal-Mart's counsel stated in his declaration that the rush fee for service on Chanetta Sullivan was necessary because it was difficult to contact her and, once she was located, Wal-Mart needed to serve her as soon as possible to arrange a deposition.[36] Wal-Mart's counsel further declared that the rush fee was necessary for service on Keith Lowe to ensure he was served before a fast approaching deposition.[37] The Court finds that Wal-Mart has failed to make a sufficient showing that the $90 it incurred in rush fees were necessary, and declines to award them.

As for the $125 paid to the private process server for Lowe, Kadribasic argues that Wal-Mart has given no explanation for this amount and it cannot be awarded more in service fees than those fees charged for service by the United States Marshals -- $65 per hour -- pursuant to 28 U.S.C. § 1921 and 28 C.F.R. § 0.114(a)(3). *See W&O, Inc.*, 213 F.3d at 620 (11th Cir. 2000) ("[A] district court does not abuse its discretion in taxing private process server fees that do not exceed the statutory fees authorized in § 1921."). Wal-Mart responds that this fee is substantiated by the subpoena, which shows that Lowe was served in Buford,

---

[36]   ECP 204-1, ¶ 8.

[37]   *Id.* ¶ 9.

Georgia by an Atlanta based process server. The Court finds that this is sufficient to substantiate the fee of $125, which is less than what the U.S. Marshals Service would collect for two hours of time executing service. 28 C.F.R. § 0.114(a)(3).

### B.      Exemplification Fees

Kadribasic objects to the request for $4,500 in fees paid to litigation consultant TrialGraphix for creation of an interactive PowerPoint.[38] Wal-Mart responds that the PowerPoint was critical to the presentation of its defense, as it clearly demonstrated the timeline of events.[39] The Court agrees with Kadribasic that the fees incurred for creation of the PowerPoint was not necessary for trial; such fees are not recoverable as costs.

Under § 1920(4), "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" are recoverable. The Eleventh Circuit has held that "physical exhibits like models and charts simply may not be taxed as costs because there is no statutory authorization," and that this includes computer animations used as demonstrative exhibits. *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296–97 (11th Cir. 2001). While there is a question as to whether this holding still applies

---

[38]      ECF 198, at 5–6.

[39]      ECF 204, at 8–13.

after a 2008 amendment to the statute, the Court follows the reasoning of other district courts in this circuit in finding that, given the Eleventh Circuit's preference for a narrow construction of § 1920(4), "[d]efendants are not entitled to an award for the cost of graphics and technology consulting services." *Akanthos Cap. Mgmt., LLC v. CompuCredit Holdings Corp.,* 2 F. Supp. 3d 1306, 1312 (N.D. Ga. 2014) (denying costs paid to a vendor for creation of electronic exhibits and for technology support).

This is particularly true where, as here, the requested costs include fees for time spent by the attorneys making strategic decisions about what would be included in the demonstrative aid, which goes beyond the cost necessary for creating copies or exemplifications of evidence. *O'Bryan v. Joe Taylor Restoration, Inc.,* No. 20-CV-80993, 2021 WL 4806532, at *5 (Sept. 29, 2021), *report and recommendation adopted,* 2021 WL 4804583 (S.D. Fla. Oct. 14, 2021) (defendants were not entitled to costs paid to TrialGraphix for creating a timeline used as a demonstrative during closing arguments). Wal-Mart is not entitled to the fees it paid to TrialGraphix.[40]

---

40   ECF 192, at 8.

### C.    Transcript Fees

Kadribasic also objects to the amount of fees requested for deposition transcripts.[41]  Specifically, Kadribasic objects to the fees claimed for requesting deposition exhibits, conducting video depositions, web conferencing, synchronizing video depositions, and for printing, binding, and shipping depositions.[42]

The Court finds that the fees for the deposition exhibits, video recording, and web conferencing (which were the fees paid for the stenographer to appear virtually and is the equivalent to a *per diem* charge for in-person depositions),[43] are taxable costs. "Where a party notices a deposition to be recorded by both stenographic and non-stenographic means, and no objection is raised at that time as to the method of recordation, pursuant to Fed.R.Civ.P. 26(c), a court can award the cost of conducting the deposition in the manner noticed." *Watson v. Lake Cnty.*, 492 F. App'x 991, 997 (11th Cir. 2012) (per curiam). Kadribasic has not indicated that she objected to the way any of the depositions were taken, and so the costs of the video depositions and the virtual stenographer services are taxable. The Court

---

[41]    ECF 198, at 7–11.

[42]    *Id.* at 10.

[43]    ECF 204-1, at ¶ 19.

also finds that obtaining copies of the deposition exhibits along with a transcript of the depositions were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2).

Wal-Mart did not respond to Kadribasic's arguments that Wal-Mart cannot recover fees for synchronizing the video and written transcript of a deposition or for the shipment and binding of transcripts. Kadribasic's arguments are well taken. District courts in this circuit have held that, without a showing of necessity, a party cannot recover costs for video synchronizing of a deposition. *See Powell v. The Home Depot, U.S.A., Inc.*, No. 07-80435-CIV, 2010 WL 4116488, at *12 (Sept. 14, 2010) (collecting cases), *report and recommendation adopted,* 2010 WL 4102933 (S.D. Fla. Oct. 18, 2010). Further, the Eleventh Circuit has held that "§ 1920 does not authorize recovery of costs for shipment of depositions or costs for binders, tabs, and technical labor." *Watson*, 492 F. App'x at 997 (district court abused discretion in taxing costs for shipment of depositions and binders, tabs, and technical labor related to depositions). As Wal-Mart has not offered a justification for these costs, the Court declines to award the related $1,017.50.

### D.    Interpreter Fees

Kadribasic objects to $200 of the $600 requested by Wal-Mart for interpreter fees, arguing that Wal-Mart cannot recover for the time charged by the interpreter

during breaks.[44] The Court disagrees. "[C]ompensation of interpreters" is taxable under § 1920(6), and the amount Wal-Mart paid in compensation to the interpreter present at Kadribasic's family members' depositions was $600. It was necessary for the interpreter to be present for three hours even though there was a break in time between the first and second deposition.

## E.    Pro Hac Vice Application Fees

Kadribasic objects to the $150 in fees requested by Wal-Mart for the *pro hac vice* admission of one of its attorneys. The Court recognizes that there is a split of authority on whether *pro hac vice* fees are recoverable as "[f]ees of the clerk" under § 1920(1) but is persuaded by the "majority of district courts in the Eleventh Circuit" that have excluded *pro hac vice* fees as costs. *MACTEC Eng'g & Consulting, Inc. v. Am. Int'l Specialty Lines Ins. Co.*, No. 1:06-CV-0594-BBM, 2007 WL 9701582, at *2 (N.D. Ga. Sept. 28, 2007) (collecting cases). The Court therefore excludes the $150 in fees paid for *pro hac vice* admission.

## F.    Financial Hardship

Kadribasic argues that the Court should take into consideration the financial hardship caused by her continued unemployment and decline to award costs.[45]

---

44    ECF 198, at 11; ECF 209, at 9.

45    ECF 198, at 12–13.

The Court may consider financial status in deciding whether to deny costs, but it is not required to do so. *Chapman v. AI Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000) (*en banc*). A non-prevailing party's financial situation is considered only in "rare circumstances," and, even then, "a court may not decline to award any costs at all." *Id.* The Court has already reduced the amount of costs awardable to Wal-Mart by $5,667.50. The Court declines to reduce the awardable costs further.

## V.      Conclusion

Kadribasic's motion to stay [ECF 199] is **DENIED.** Wal-Mart's motion for attorneys' fees and expenses [ECF 193] is **DENIED**. Kadribasic's motion to exclude costs [ECF 198] is **GRANTED IN PART AND DENIED IN PART**. The Court **AWARDS** Wal-Mart $12,455.65 in costs.

**SO ORDERED** this 28th day of March, 2022.

Steven D. Grimberg
United States District Court Judge